# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# BECKLEY DIVISION

| | |
|---|---|
| QUAUNTEL SAUNDERS, | ) |
|     Plaintiff, | ) |
| v. | )  Civil Action No. 5:21-00322 |
| | ) |
| LT BURTON, *et al.*, | ) |
|     Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel (Document No. 30), filed on October 20, 2021. Having thoroughly considered the issues raised by this Motion, the undersigned concludes that Plaintiff's Motion (Document No. 30) should be denied.

## STANDARD

The Federal Rules of Civil Procedure contemplate that in conjunction with disclosure, civil discovery is a process of elucidation and clarification of facts and circumstances relevant to claims and defenses as presented in pleadings through which the claims and defenses are validated, defined and shaped and issues are sharpened and refined for consideration at the dispositive motion stage and trial of a civil case. The civil discovery process is to be engaged in cooperatively. Violation of the Rules undermines the process.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides as follows:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Although the Rule 26(b) was amended to remove language permitting the discovery of "any

matter relevant to the subject matter involved in the action" and "relevant information . . . reasonably calculated to lead to the discovery of admissible evidence," the Rule still contemplates the discovery of information relevant to the subject matter involved in the action as well as relevant information that would be inadmissible at trial. See Advisory Committee Notes to 2015 Amendment, Fed. R. Civ. P. 26(b)(1). As stated above, the amendment further provides that discovery must be proportional to the needs of the case by considering certain factors. Thus, Rule 26(b) "cautions that all permissible discovery must be measured against the yardstick of proportionality. Lynn v. Monarch Recovery Management, Inc., 285 F.R.D. 350, 355 (D. Md. 2012)(citation omitted).

When parties request relevant nonprivileged information in a Request for Production or Inspection of Documents under Rule 34, "[t]he party to whom the request is directed must respond in writing . . .." Fed.R.Civ.P. 34(b)(2)(A). Federal Rule of Civil Procedure 34(b)(2)(B) and (C) provide as follows:

> **(B)** *Responding to Each Item.* For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. The responding party may state that it will produce copies of documents or of electronically stored information instead of permitting inspection. The production must then be completed no later than the time for inspection specified in the request or another reasonable time specified in the response.
>
> **(C)** *Objections.* An objection must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest.

Thus, objections to Rule 34 requests must be stated specifically and boilerplate objections regurgitating words and phrases from Rule 26 are completely unacceptable. Frontier-Kemper Constructors, Inc., v. Elk Run Coal Company, Inc., 246 F.R.D. 522, 528 - 529 (S.D.W.Va. 2007).

Federal Rule of Civil Procedure 37(a)(1) provides that if a party fails to cooperate in discovery, "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(4) provides that an incomplete answer or response "must be treated as a failure to . . . answer, or respond." Rule 37 (a)(5)(A) – (C) provide as follows:

> **(A)** *If the Motion is Granted (or Disclosure or Discovery is Provided After Filing).* If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>> (iii) other circumstances make an award of expenses unjust.
>
> **(B)** *If the Motion is Denied.* If the motion is denied, the court may issue any protective order authorized under Rule 26(c) and must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.
>
> **(C)** *If the Motion is Granted in Part and Denied in Part.* If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses of the motion.

## ANALYSIS

In his Motion to Compel, Plaintiff challenges Defendants' responses to his discovery requests. (Document Nos. 30 and 31.) Plaintiff states that he submitted to Defendants his first set

of interrogatories, requests for admissions, and request for production of documents on August 3, 2021. (Document No. 30) Plaintiff acknowledges that he received responses from Defendants on September 7, 2021. (Id.) Plaintiff, however, complains that Defendants "respond by saying I have things in my possession, they don't have or sign a protective order, which I have signed." (Id.) Plaintiff argues that all his requests are relevant and Defendants should be compelled to respond. (Id.) Plaintiff asserts that Defendants' "objection that an answer is irrelevant is not persuasive." (Document No. 31.) Plaintiff further argues that Defendants did not properly sign their answers or responses to the interrogatories, requests for admissions, and request for production of documents. (Id.) Plaintiff contends that Defendants must "sign his/her answers and under oath." (Id.)

In Response, Defendants argue that they have properly responded to Plaintiff's discovery requests. (Document No. 34.) First, Defendants state that they have "provided Plaintiff with all relevant documents and facility video footage related to this matter." (Id.) Second, Defendants state that they have "provided Plaintiff with Verifications of discovery responses executed by Defendants Burton, Houchins, Walters, Lilly, Warden, Cook, and Francis." (Id.) Finally, Defendants contend that Plaintiff's Motion to Compel fails to address specific responses he is attempting to compel. (Id.) Therefore, Defendants conclude that their prior discovery responses satisfy the Federal Rules of Civil Procedure. (Id.) Plaintiff failed to file a Reply.[1]

The undersigned finds that Plaintiff's above Motion to Compel (Document No. 30) should be denied. Plaintiff appears to complain that Defendants have not properly signed the discovery responses. Defendants, however, state that Plaintiff has been provided with

---

[1] On November 22, 2021, Plaintiff filed a copy of his "Good Faith Letter" wherein Plaintiff appears to be attempting to confer with Defendants pursuant to Rule 37(a)(1) of the Federal Rules of Civil Procedure regarding his Request for Production of Documents Numbers 2, 5, 6, 7, 8, 10, 13, 14, and 16. (Document No. 38.) Plaintiff, however, does not respond to Defendants' Response. (*Id.*)

Verifications of discovery responses executed by Defendants Burton, Houchins, Walters, Lilly, Warden, Cook, and Francis. Next, Plaintiff's general and vague claim that Defendants have failed to properly respond to his discovery requests is insufficient. Defendants acknowledge that they have provided Plaintiff with all relevant documents in their possession responsive to Plaintiff's document requests and the facility video footage related to this matter. Further, there is no allegation or indication that defense counsel failed to sign the discovery responses certifying that the responses were complete and correct. Besides Plaintiff conclusory allegation, there is no indication that Defendants have not appropriately and fully responded to Plaintiff's above discovery requests.

Based upon the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Compel (Document No. 30) is **DENIED**. In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the parties are hereby notified that the rulings set forth above may be contested by filing objections to this Order within 14 days. If objections are filed, the District Court, Honorable United States District Judge Frank W. Volk, presiding, will consider the objections and modify or set aside any portion of the Order which it finds to be clearly erroneous or contrary to law.

The Clerk is hereby directed to mail a copy of this Order to Plaintiff, who is acting *pro se*, and to counsel of record.

ENTER: December 21, 2021.

Omar J. Aboulhosn
United States Magistrate Judge