UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

QUANTEL SAUNDERS,

        Plaintiff,

v.                                      CIVIL ACTION NO. 5:21-cv-00322

LT. BURTON, *et al.*,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending is Defendants' Motion for Summary Judgment [Doc. 40], filed December 29, 2021. This action was previously referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Aboulhosn filed his PF&R on June 17, 2022. [Doc. 49]. Magistrate Judge Aboulhosn recommended the Court grant in part and deny in part Defendants' Motion. Defendants filed objections on July 1, 2022. [Doc. 50]. The matter is ready for adjudication.

**I.**

Plaintiff Quantel Saunders complains about events at the Southern Regional Jail which occurred in January and February of 2020. He claims he had a physical altercation with a corrections officer on January 27, 2020. [Doc. 2 at 4]. During the altercation, Mr. Saunders was exposed to oleoresin capsicum ("OC") spray[1] when another officer sprayed a nearby inmate. [*See* Docs. 2 at 4; 41 at 2; 46 at 2 ("At most, Plaintiff may have been impacted by overspray")]. He was

---

[1] OC spray is a chemical agent, like pepper spray, which causes irritation to the eyes, throat, and nose. *See Park v. Shiflett*, 250 F.3d 843, 849 (4th Cir. 2001) (describing the physiological effects of OC spray).

restrained and eventually taken to medical. Mr. Saunders claims he requested to wash off the OC spray, and medical staff informed him "[officers] will put you in the shower soon but they should have already done that." [Doc. 2 at 4]. Mr. Saunders was then moved to a segregated unit. [*Id.*]. Mr. Saunders claims he asked Defendant Whitt, the "working officer," if he could get a shower and change of clothes but was denied. [*Id.* at 4–5]. Mr. Saunders was moved to another cell in the unit, where he claims he pressed the call button several times to ask for a shower and was again denied. [*Id.* at 7]. He states he asked "every officer that came in A-1" for a shower and clothing and was denied. [*Id.* at 7]. Mr. Saunders also complains his food trays were slid under the cell door contaminated with feces and urine. [*Id.* at 7, 9]. Mr. Saunders acknowledges he was removed from this cell for a "visit," and placed in a different cell. [*Id.* at 8]. Among other things, Mr. Saunders complains this cell had "no running water at all." [*Id.*]. Mr. Saunders claims he was held in this cell 24 hours a day, for numerous days, without working water to drink or wash his body. [*Id.* at 9]. He states he asked for a shower, clothing, and water "every day" to no avail. [*Id.*]. He contends "it wasn't until weeks later that I was able to finally shower, get clothes, and a cell with working water to drink." [*Id.* at 10].

Mr. Saunders seeks relief for alleged violations of his constitutional rights under 42 U.S.C. § 1983. [Doc. 2]. He alleges Defendants violated his Eighth Amendment rights by acting with deliberate indifference to his safety and subjecting him to unconstitutional conditions of confinement. Mr. Saunders brought claims for excessive force, unconstitutional conditions of confinement, and failure to protect.

Defendants moved for summary judgment on all of Mr. Saunders's claims. [Doc. 40]. As relevant here, Defendants argue they are entitled to summary judgment on Mr. Saunders's conditions of confinement claims for the following reasons: (1) "The living conditions citied [sic]

by Mr. Saunders do not rise to the level of extreme deprivations necessary to prove an 8th Amendment violation" [*Id.* at 12–14]; (2) "Plaintiff has failed to establish that any Defendant was deliberately indifferent to a substantial risk of serious harm to the Plaintiff from the conditions of his confinement" [*Id.* at 14–15]; and (3) Defendants have qualified immunity [*Id.* at 17–18].

Magistrate Judge Aboulhosn recommended granting summary judgment as to

> (1) Plaintiff's excessive force claim; (2) Plaintiff's unconstitutional conditions of confinement claim based upon the denial of a mat from 5 a.m. to 11 p.m. for a 30 day period, showering being restricted to 4 to 5 times in a 30 day period, and being confined in a flooded cell contaminated with human waste for several days; and (3) Plaintiff's failure to protect claim.

[Doc. 49 at 49]. Magistrate Judge Aboulhosn recommended denying summary judgment as to "(1) The denial of a decontamination shower and clean clothing for several days after being exposed to OC spray; and (2) The denial of water and uncontaminated food for several days." [*Id.*].

## II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objection constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent

objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.

#### A. *Request to Dismiss Defendant Cook*

Defendants first contend Defendant Lt. Cook should be dismissed from this action because the magistrate judge recommended dismissal of all claims against him. [Doc. 50 at 2]. Specifically, Defendants submit that the Complaint names Lt. Cook only as to Mr. Saunders's failure to protect claim. [*Id.*]. Defendants argue Mr. Saunders's Declaration improperly alleges new claims against Lt. Cook for the first time by naming him in the remaining claims. [*Id.*].

Defendants' Motion for Summary Judgment acknowledges Mr. Saunders's claims he repeatedly told officers -- including Lt. Cook -- about his need for a decontamination shower and adequate food and water. [Doc. 41 at 5–6]. Further, the Complaint alleges Mr. Saunders asked "every officer" for assistance "every single day." [*See* Doc. 2 at 7–10]. Logically, this could include Lt. Cook. The record does not support a finding that all claims are dismissed as to Lt. Cook. Accordingly, the Court **OVERRULES** Defendants' first objection.

#### B. *Objection to Findings under the Eighth Amendment*

Defendants' second objection maintains Mr. Saunders's allegations within the remaining two claims are too broad because they are asserted generally and do not identify each Defendant's actions amounting to a constitutional deprivation. [Doc. 50 at 3].

The Eighth Amendment prohibits the infliction of "cruel and unusual

punishments." U.S. Const. amend. VIII. It not only forbids excessive sentences but also protects inmates from inhumane treatment and conditions while imprisoned. To determine whether the Eighth Amendment has been violated, the Court must analyze subjective and objective components. *See Wilson v. Seiter*, 501 U.S. 294, 302 (1991). The showing necessary to establish each component "varies according to the nature of the alleged constitutional violation." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).

On a challenge to conditions of confinement, the Eighth Amendment inquiry proceeds in two parts: (1) whether confinement conditions inflict harm that is, "objectively, sufficiently serious" to deprive prisoners of "the minimal civilized measure of life's necessities" and (2) whether officers subjectively acted with "deliberate indifference to inmate health or safety" because they knew of but disregarded the inhumane treatment. *Farmer v. Brennan*, 511 U.S. 825, 834, 838 (1994) (cleaned up) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 302–03 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)); *see Thorpe v. Clarke*, 37 F.4th 926, 933 (4th Cir. 2022); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016) (citing *Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993)); *Iko v. Shreve*, 535 F.3d 225, 239 (4th Cir. 2008) ("[A]bsent intentionality, a condition imposed upon an inmate cannot properly be called 'punishment,' and absent severity, a punishment cannot be called 'cruel and unusual.'"). Defendants' objection is based on the latter, subjective component.

To establish "deliberate indifference" to inmate health and safety, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Our Court of Appeals has acknowledged the "actual knowledge standard required to find prison officials deliberately indifferent to a substantial risk of serious injury may be proven by circumstantial evidence."

*Makdessi v. Fields*, 789 F.3d 126, 137–38 (4th Cir. 2015) ("[E]ven under the subjective standard, a prison official cannot hide behind an excuse that he was unaware of a risk, no matter how obvious."); *see Porter v. Clarkes*, 923 F.3d 348, 361 (4th Cir. 2019) ("[A]n obvious risk of harm justifies an inference that a prison official subjectively disregarded a substantial risk of serious harm to the inmate.").

Viewing the evidence in a light most favorable to Mr. Saunders, there is sufficient circumstantial evidence to suggest Defendants were aware of facts giving rise to an inference that their denials of Mr. Saunders's requests created a substantial risk of serious injury. Mr. Saunders alleges he complained to multiple correctional officers about needing a decontamination shower, uncontaminated food, and drinking water. He provides a general timeline of when he spoke to officers about which claims, he identifies multiple Defendants by name, and he describes their denials of his requests. He further alleges he suffered injuries in the form of hunger, dehydration, and burning from the OC spray. This testimony creates a genuine factual dispute about whether his conditions were so obvious that officials observing Mr. Saunders would have both known of the facts creating a risk of serious harm resulting from failure to alleviate and inferred such risks were present. *See, e.g.*, *Williams v. Benjamin*, 77 F.3d 756, 768 (4th Cir. 1996) (denial of decontamination can give rise to an Eighth Amendment claim); *Mann v. Failey*, 578 Fed. App'x 270, 274–57 (4th Cir. July 14, 2014) (per curiam) (reasonable jury could find plaintiff adequately established both prongs of Eighth Amendment claim where plaintiff swore that after exposure to OC spray, he repeatedly asked officers and medical staff for a shower and experienced burning pain over his body for five days); *Chavarriaga v. New Jersey Dept. of Corrections*, 806 F.3d 210, 228 (3d Cir. 2015) ("[A]llegations that prison personnel intentionally denied [inmate] access to potable water for three days on one occasion and two days on another raised her allegations to a

level so that rather than charging a tolerable, though uncomfortable, set of conditions, she had been subject to a prohibited inhumane deprivation."); *Spires v. Paul*, 581 Fed. App'x 786, 793 (11th Cir. 2014) (deprivation of potable water for several days is a denial of a basic need and minimal civilized measures of life's necessities); *Dellis v. Correctional Corp. of America*, 257 F.3d 508, 512 (6th Cir. 2001) (denial of drinking water for three consecutive days can constitute Eighth Amendment violation). *See also Brown v. Coleman*, No. 19-cv-00864, 2021 WL 4037504, *5 (W.D. Va. Sept. 3, 2021) (plaintiff's allegation of denial of decontamination shower for one week after exposure to OC spray created a genuine issue of material fact); *Murphy v. Ortt*, No. 16-3092, 2018 WL 1513007, * 7 (D. Md. March 26, 2018) (genuine issue of material fact where plaintiff alleged he was placed in a cell without running water for several hours after exposure to pepper spray); *Tyree v. Brooks*, No. 09-cv-00216, 2009 WL 2232455, *2 (W.D. Va. July 24, 2009) (citing *Despain v. Uphoff*, 264 F.3d 965, 972 (10th Cir. 2001) (Eighth Amendment violated where inmates' food was served from a cart that allowed water contaminated with human waste to contact inmates' food)). As alleged, this evidence supports an inference of deliberate indifference sufficient to support cognizable claims under the Eighth Amendment. Thus, the Court **OVERRULES** Defendants' second objection.

C. *Objections to Findings under Rule 56*

Defendants' third objection contends Mr. Saunders failed to demonstrate a genuine dispute of material fact for trial. Specifically, Defendants assert Mr. Saunders failed to present evidence other than his "self-serving 'declaration'" to show Defendants' awareness of his complaints. [Doc. 50 at 5].

*Federal Rule of Civil Procedure* 56 provides summary judgment is proper where

7

"the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the nonmoving party to demonstrate a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986). "The nonmoving party must do so by offering 'sufficient proof in the form of admissible evidence' rather than relying solely on the allegations of her pleadings." *Guessous v. Fairview Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016) (quoting *Mitchell v. Data Gen. Corp.*, 12 F.3d 1310, 1316 (4th Cir. 1993)).

The Court must "view the evidence in the light most favorable to the [nonmoving] party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (internal quotation marks and citation omitted); *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*, 888 F.3d 651, 659 (4th Cir. 2018). "The court . . . cannot weigh the evidence or make credibility determinations." *Jacobs v. N.C. Admin. Off. of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015); *see Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). In general, if "an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56 advisory committee's note to 1963 amendment.

The Court holds a pro se plaintiff's filings to a less stringent standard than if they were prepared by a lawyer and, therefore, construes them liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Brown v. N. Carolina Dep't of Corr.*, 612 F.3d 720, 722 (4th Cir. 2010) (citing *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978) ("[L]iberal construction of pleadings is particularly appropriate where . . . there is a Pro se complaint raising civil rights issues.")).

Defendants concede Mr. Saunders's claims are disputed. [Doc. 41 at 12]. However, Defendants criticize Mr. Saunders's presentation of evidence as improper and insufficient. These protestations are unavailing. Mr. Saunders's claims are supported by the Declaration of Hayden

8

Dixon [Doc. 48] and Mr. Saunders's own statements under oath [Doc. 45]. Mr. Dixon's statement is notarized, and Mr. Saunders's statement was declared under penalty of perjury. *See* Fed. R. Civ. P. 56(c)(1)(A) (permitting either "affidavits" or "declarations"); 28 U.S.C. § 1746 (a litigant may rely on an "unsworn declaration, certificate, verification, or statement" if it is subscribed "as true under penalty of perjury"). Indeed, even if the evidence consisted exclusively of Mr. Saunders's so-called "self-serving" declarations, "[i]t is well-settled that [the Court] may not, at summary judgment, discount viable, material evidence on the ground that it was offered by a plaintiff with a troubled past." *Mann v. Failey*, 578 F. App'x 267, 273 n.2 (4th Cir. July 14, 2014) (per curiam) ("[T]his rule is acutely necessary in cases with pro se prisoner plaintiffs, where events take place with only prison guards present, and an inmate has little control of his situation and movement, and few means of establishing facts other than recounting evidence himself."); *see Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004) (the court "may not make credibility determinations" in reviewing the record)).

This evidence creates a genuine issue of material fact as to whether Defendants acted with "deliberate indifference" to Mr. Saunders's conditions of confinement. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (reversing district court's grant of summary judgment to defendant correctional officers where, "[f]rom the additional pleadings, affidavits and exhibits, it appear[ed] that [the plaintiff asserted] that he was brutalized . . . by fellow inmates, that the correctional officers . . . were present and saw what was transpiring, but, nevertheless, that [the correctional officers] declined to intervene and permitted the assault to continue"); *Freeland v. Hilewitz*, No. 12-cv-08712, 2015 WL 5722807, at *6 (S.D.W. Va. Sept. 29, 2015) (same).

Thus, construing the facts in a light most favorable to Mr. Saunders, the Court finds genuine issues of material fact remain, precluding summary judgment. Accordingly, the Court

**OVERRULES** Defendants' third objection.

## VI.

For the foregoing reasons, the Court hereby **ADOPTS** the PF&R [**Doc. 49**], **OVERRULES** Defendants' Objections [**Doc. 50**], and **GRANTS in part and DENIES in part** Defendants' Motion for Summary Judgment [**Doc. 40**].

The Court **DIRECTS** the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party herein.

ENTER: September 27, 2022

Frank W. Volk
United States District Judge